SSS:OG
F. #2018R02244

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
FOR A SEARCH WARRANT FOR:

THE PERSON KNOWN AND
DESCRIBED AS ANTON
WILLIAMS, DATE OF BIRTH
■■■■■■■■■■■■■

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR A
SEARCH WARRANT

(Fed. R. Crim. P. 41; T. 18,
U.S.C., §§ 922(g)(1) and 924(a)(2))

No. 19-MJ-752

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

Tatiana Biess, being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of violations of Title 18, United States Code, Section 922(g)(1)—specifically, that, on or about November 24, 2018, Anton Williams, date of birth ■■■■■■■■■, did knowingly and intentionally possess a firearm after having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year—will be obtained by the taking, and preserving as evidence, of a buccal swab sample or blood sample of the defendant.[1]

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-

The source for your deponent's information and the grounds for her belief are as follows:[2]

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The facts set forth in this affidavit are based upon my own investigation of the facts and upon what I have learned from other individuals who have participated in the investigation. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

2. I have been involved in an investigation of the defendant related to the aforementioned criminal activity.

3. On November 28, 2018, the Honorable Robert M. Levy, United States Magistrate Judge, issued a warrant for the defendant Anton Williams' arrest on the basis of a complaint. (No. 18-M-1153). The complaint and arrest warrant are attached hereto as Exhibit A and the factual recitation therein is incorporated fully herein. The defendant ANTON WILLIAMS was arrested and brought into federal custody on or about November 29, 2018. On December 7, 2018, an indictment was filed charging the defendant Anton Williams with one count of being a felon in possession of a firearm and ammunition. (18-CR-657).

---

85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68. (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances relevant to this investigation.

2

4.     As set forth in Exhibit A, on or about November 24, 2018, at approximately 12:45 a.m., in Brooklyn, New York, two NYPD officers and one Sergeant[3] were on patrol in an unmarked vehicle traveling westbound on Blake Avenue, in Brooklyn, NY. The defendant, ANTON WILLIAMS, was walking northbound on Strauss Street and across Blake Avenue at that same date and time. No one else was on the street in the vicinity of where the defendant was walking. After the defendant looked at the unmarked vehicle, he quickened his pace. Officer-1, who was driving the vehicle, made a U-turn and stopped at the corner of Strauss Street and Blake Avenue. Officer-1 then saw the defendant drop a shiny object and heard the sound of metal hitting the pavement. Officer-1 drove the vehicle to where the defendant was walking. The defendant immediately stated in substance, "You can check me, I have no weapons on me. I just have weed." While Officer-1 and Officer-2 left the vehicle to talk to the defendant, the Sergeant observed a firearm from where Officer-1 observed the defendant drop the shiny object. The defendant was then placed under arrest. While being handcuffed, the defendant stated in substance, "I saw you guys. To be honest, I don't think the firing pin even works." A member of an evidence collection team later recovered the firearm, a Lorcin .380-caliber-pistol (the "Firearm"), with seven rounds in the magazine.

5.     After the defendant was placed in the police vehicle, Officer-2 heard him say spontaneously and to no one in particular, in substance, "I don't know why this is taking

---

[3] Because multiple officers were involved in the arrest, I refer to them as Officer-1, Officer-2 and the Sergeant for ease of the reader. The identities of each of these individuals are known to the affiant and I have interviewed each of them.

3

so long. I dropped it, ya'll found it. Officer-2 also heard the defendant say, spontaneously and to no one in particular, in substance, "Damn, I f**ked up."

6. At approximately 1:20 a.m. in the 73rd precinct, Officer-2 overheard the defendant say in a telephone call, in substance, "They caught me with the chop. I think juice set me up. He was the only one that knew. I spoke to him on the phone."

7. In connection with the investigation of the crime scene, law enforcement agents collected swabs of possible DNA evidence from the Firearm. I know from my training and experience, as well as my conversations with other law enforcement officials, that DNA can be recovered from objects such as a firearm.

8. The DNA evidence collected by law enforcement was sent for testing by the New York City Office of the Chief Medical Examiner ("OCME") for the presence of DNA. On February 11, 2019, the OCME confirmed that DNA was found on the Firearm. Based on the facts set forth in paragraphs 4 through 7 above and information obtained during the course of the investigation, there is a substantial likelihood that the DNA of the defendant ANTON WILLIAMS will be found on the Firearm.

9. The government wishes to compare the DNA from the Firearm with a DNA sample obtained directly from the defendant (e.g., a buccal swab).

10. Based on the above information, there is probable cause to believe that the defendant ANTON WILLIAMS is a contributor to DNA evidence found on the Firearm. Therefore, there is probable cause to believe that a buccal swab or sample of his blood would constitute evidence of the defendant's commission of the charged crimes.

WHEREFORE, your deponent requests that a search warrant be issued authorizing ATF Special Agents, New York City Police Department officers, United States

Marshals and other appropriate law enforcement and support personnel to seize and obtain from the defendant ANTON WILLIAMS a buccal swab sample or sample of blood. An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the event that the defendant ANTON WILLIAMS refuses to submit to a buccal cheek swab. In the event that a blood sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

                                                Tatiana Biess
                                                Special Agent
                                                Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
23rd day of August, 2019

_____
THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# **EXHIBIT A**

AB:OG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ANTON WILLIAMS,

                Defendant.

- - - - - - - - - - - - - - - - -X

18-M-1153

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF
APPLICATION FOR AN
ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    ALLEN SELEGEAN, being duly sworn deposes and states that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

    Upon information and belief, on or about November 24, 2018, within the Eastern District of New York, the defendant ANTON WILLIAMS, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate and foreign commerce a firearm, to wit: a Lorcin .380 caliber pistol, and ammunition.

    (Title 18, United States Code, Section 922(g)(1))

    The source of your deponent's information and grounds for his belief are as follows:[1]

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth each and every fact I have learned during the course of this investigation.

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses. I am currently assigned to the Firearms Suppression Section and am a member of the Eastern District of New York Triggerlock Program. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about November 24, 2018 at approximately 12:45 a.m., two NYPD officers and one Sergeant[2] were on patrol in an unmarked vehicle traveling westbound on Blake Avenue, in Brooklyn, NY. The defendant, ANTON WILLIAMS, was walking northbound on Strauss Street and across Blake Avenue at that same date and time. No one else was on the street in the vicinity of where the defendant was walking. After the defendant looked at the unmarked vehicle, he quickened his pace. Officer-1, who was driving the vehicle, made a U-turn and stopped at the corner of Strauss Street and Blake Avenue. Officer-1 then saw the defendant drop a shiny object and heard the sound of metal hitting the pavement. Officer-1 drove the vehicle to where the defendant was walking. The defendant immediately stated in substance, "You can check me, I have no weapons on me. I just have weed." While Officer-1 and Officer-2 exited the vehicle to talk to the defendant, the Sergeant observed a firearm from where Officer-1 observed the defendant drop the shiny object. The defendant was then placed under arrest. While being handcuffed, the defendant stated in substance, "I

---

[2] Because multiple officers were involved in the arrest, I refer to them as Officer-1, Officer-2 and the Sergeant for ease of the reader. The identities of each of these individuals are known to the affiant and I have interviewed each of them.

2

saw you guys. To be honest, I don't think the firing pin even works." A member of an evidence collection team later recovered the firearm, a Lorcin .380 caliber pistol, with seven rounds in the magazine.

3. After the defendant was placed in the police vehicle, Officer-2 heard him say spontaneously and to no one in particular, in substance, "I don't know why this is taking so long. I dropped it, ya'll found it. Officer-2 also heard the defendant say, spontaneously and to no one in particular, in substance, "Damn, I fucked up."

4. At approximately 1:20 a.m. in the 73rd precinct, Officer-2 overheard the defendant say in a telephone call, in substance, "They caught me with the chop. I think juice set me up. He was the only one that knew. I spoke to him on the phone."

5. The defendant ANTON WILLIAMS was subsequently charged in Kings County Criminal Court with, among Criminal Possession of a Weapon in the Second Degree (possession of a loaded firearm), in violation of New York Penal Law Section 265.03(3), a class C felony.

6. Based on my discussions with an interstate nexus expert from the Bureau of Alcohol, Tobacco, Firearms and Explosives, I know that the Lorcin .380 caliber pistol was manufactured outside the State of New York.

7. I have also reviewed the defendant ANTON WILLIAMS criminal history records and have determined that, on or about July 30, 2015, the defendant was convicted of Robbery in the Second Degree, in violation of New York Penal Law, Section 160.10(1), a crime punishable by a term of imprisonment of more than one year.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant ANTON WILLIAMS so that he may be dealt with according to law.

DET. ALLEN SELEGEAN
New York City Police Department

Sworn to before me this
28th day of November 2018

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK